KILMER MANUF'G CO. v. GRISWOLD et al.

(Circuit Court of Appeals, Second Circuit. May 28, 1896.)

PATENTS—ANTICIPATION—INVENTION—BALE TIES.

The Kilmer patent, No. 282,991, for improvements in adjustable bale ties, of wire, in which the band wire is clutched in a V-shaped clasp made of heavier wire, is void, as to claims 1 and 2, because of anticipation, and for want of patentable novelty and invention over the Smith patent, No. 159,463.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This was a bill by the Kilmer Manufacturing Company against J. W. Griswold and F. B. Griswold for alleged infringement of patents Nos. 282,991 and 372,375, issued to Irving A. Kilmer for improvements in bale ties. The circuit court entered an interlocutory injunction, finding that the claims of No. 282,-991, sued on, were invalid, and that the second claim in No. 372,375 was valid and had been infringed by defendants, and entered a decree for an accounting and an injunction thereon accordingly. 62 Fed. 119. From this interlocutory decree both parties appealed, and this court, on April 23, 1895, reversed the decree, holding that patent No. 372,375 was apparently wanting in invention. 15 C. C. A. 161, 67 Fed. 1017. Thereafter the circuit court entered a final decree, which, among other things, dismissed the bill as to patent No. 282,991. From this portion of the decree the complainant has now appealed.

W. H. Van Steenbergh, for appellant.

Edwin H. Brown, for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges, and TOWNSEND, District Judge.

SHIPMAN, Circuit Judge. Letters patent No. 282,991, dated August 14, 1883, and No. 372,375, dated November 1, 1887, were granted to Irving A. Kilmer for improvements in adjustable bale ties. The circuit court for the Northern district of New York dismissed, as to No. 282,991, the bill in equity which the owner of these patents brought against the defendants for an injunction against their infringement. This appeal relates to that portion of the decree which dismissed the bill. The patentee also invented a bale tie which is described in letters patent No. 242,655, which were issued to him June 7, 1881. The buckle or clasp of this tie was a flat plate of metal, in which a slot was cut with a die. One end of the slot was enlarged so as to afford a ready entrance to the band of wire. The specification further discloses the tie (omitting the letters) as follows:

"At the [other and smaller] end, the edges of the slot come in together, being somewhat V or wedge shaped, so that as the wire slips down there it is caught and held firm. The stationary end of the wire is slipped through the slot, and, being twisted securely, is held at the larger end. The wire is then passed about the bale, slipped at its other end through the slot, and turned under the main wire. When the bale is released this end is drawn into the [small] end of the slot and held tight, the closed-in edges gripping in on it firmly."

This tie was defective, because the sharp edges of the slot cut and weakened the wire; and, on the other hand, the wire cut into, and wore away the edges of, the slot. To remedy this defect, Kilmer constructed the tie which is the subject of the patent in suit. He

made the clasp of wire having rounded edges, so that the parts of the tie which came in contact with each other should not be cut or broken; and he naturally made it of heavier wire than the band wire, so that the buckle should not be pulled out of shape, and should preserve its integrity as a clasp. He bent the wire at one end of the clasp, and thus retained at that end an acute angle, which firmly grasped or "clutched" the band wire when the bale became expanded. The two ends of the wire which form the clasp are returned upon themselves at the other end of the clasp, and, in use, are bent over the looped end of the band wire. Thus, by turning the slotted flat plate into an eye made of heavy wire, he rounded off the sharp edges of the slot. The two claims which are said to have been infringed are as follows:

"(1) A bale tie consisting of the band, A, and clasp, B, the latter made of wire larger than that of which the band is made, as and for the purpose set forth. (2) In a bale tie, a clasp, B, made of wire larger than that of the band, and having the pinching angle, b, as set forth."

Fig.1.

Fig. 2

The details of the patented tie are described in the third claim, which is not in controversy in this litigation. While these details may be valuable, and show patentable improvements, it is not clear that the improvement of the first two claims, which consists, in substance, in changing a slotted flat plate, having an acute angle at one end of the slot, into an eye of heavy wire, having also an acute angle at one end, is a patentable invention. But, assuming that it was a patentable improvement upon the preceding device, we agree with the circuit court that the claims are so broad as to be anticipated by the bale tie of Isaac T. Smith, which is described in letters patent No. 159,463, dated February 2, 1875, unless it is important that the

clasp should be made of round wire. The Smith tie consisted of a single piece of wrought iron, malleable iron, or other suitable material, having its ends bent over on the top, which thus formed a double hook with a central opening. The ends of the hook are V-shaped recesses or angles. The specification says that:

"When the bale is pressed, and the wire passed around the same, the ends of the wire are bent, and passed through the central top opening, a, into the V-shaped recesses, b, b. When the pressure is removed from the bale, the bale at once expands, drawing the wires into the V-shaped recesses, and pinching them tightly therein, so that they cannot slip out from the same."

The drawings show that the clasp is made of flat iron, larger than the wire of which the band is made, and that the band is pinched in the V-shaped recesses. The description of the Smith tie applies perfectly well to the description of the Kilmer tie which is contained in claims 1 and 2, unless there is a patentable importance in substituting round wire for the "wrought iron, malleable iron, or other suitable material," of the Smith tie. That the tendency of small wire to be cut or abraded by contact with angular edges is diminished by contact with round surfaces is so obviously the suggestion of a mechanical rather than of an inventive mind, that the substitution cannot be considered to be of a patentable character. Besides, round wire had long been a well-known article for the construction of the clasps of bale ties of a diameter larger than that of the bands. As stated by Judge Coxe, such clasps are shown in the Lowber English patent of 1868, the Trowbridge patent of 1869, the Knipscheer patent of 1878, and the Griswold patent of March, 1883. The improvement, as described in claims 1 and 2 of the patent, contains no patentable novelty; and the decree of the circuit court is affirmed, with costs.